[No. 22415. Department Two. September 30, 1930.]

THE STATE OF WASHINGTON, *on Relation of Walter C. Cope et al., Appellants,* v. EARL J. BARNES *et al., Respondents,* M. A. LESH *et al., Interveners.*[1]

*Parker & Parker,* for appellants.

*The Attorney General* and *John A. Homer, Assistant,* for respondents.

*Grady & Velikanje,* for interveners.

MAIN, J.—This is an appeal from a judgment of the superior court construing a decree of the court, previously entered, which adjudicated the water rights upon Ahtanum creek and its tributaries in Yakima county.

May 7, 1925, the superior court of Yakima county made and entered a decree in a cause entitled:

"In the Matter of the Determination of the Rights to the Use of the Waters of the Ahtanum Creek and its Tributaries in Yakima County, Washington, in accordance with the provisions of chapter 117, of the Laws of

[1]Reported in 291 Pac. 710.

1917, p. 447 [Rem. Comp. Stat., § 7351], of the state of Washington, and amendments thereto, The State of Washington, Plaintiff v. Annie Wiley Achepohl, *et al.,* Defendants.''

From that decree, an appeal was taken, and it was here affirmed. *In re Ahtanum Creek,* 139 Wash. 84, 245 Pac. 758. In that decree, in paragraph 4, was set out the specific quantity of water to which each claimant was entitled, the class to which such right belonged, and the lands upon which the water should be used were particularly described. In this paragraph of the decree, there were thirty-one classes named, the lower numbered classes having superior rights over the higher numbered. Immediately following this classification, and in paragraph 5 of the decree, it is provided:

''That all of the lands in the above schedules are entitled to water continuously throughout the year for stock and domestic use.''

All the parties in the case now before us were parties to that decree.

The appellants contend that they, being in a lower class or classes, are entitled to water for all purposes, including irrigation, even though there be not sufficient water to supply those in the higher numbered classes with water for stock and domestic use. The respondents contend that they, even though being in a higher numbered class, are at all times entitled to water for stock and domestic use, regardless of whether there is sufficient water to supply those in the lower numbered classes with water for irrigation purposes.

The question presented is a narrow one, and involves the meaning to be given to paragraph 5 of the decree above quoted. The language there used appears to us to be plain and unequivocal, and under it all the lands are entitled to water for stock and domestic use,

regardless of whether there is sufficient water to supply those in the lower numbered classes with water for irrigation purposes. If that paragraph of the decree does not mean this, then it would appear to be meaningless and for no purpose. It is true, as contended by appellants, that all parts of the decree should be considered and given effect, but if paragraph 5 is not given the effect contended for by the respondents, it would be necessary to disregard it entirely. The department of the state government administering the decree gave it the construction contended for by the respondents, as did the superior court.

In the case of *In re Crab Creek and Moses Lake,* 134 Wash. 7, 235 Pac. 37, there was in the decree this provision:

"It is further ordered, adjudged and decreed that each of the above named defendants in this action is entitled to the continuous use, throughout the year, of so much of the waters of Crab Creek and Moses Lake as is reasonably necessary for domestic and stock use on their respective lands as set forth in the above and foregoing schedules."

It was there contended that the language quoted gave to every party to the action the right to use the water for stock and domestic purposes without regard to priority of rights, and it was there held that the paragraph should not be so construed. It was said, referring to the language quoted:

"It refers to the right to the use of the water for stock and domestic purposes 'as set forth in the above and foregoing schedule.' The schedule of priorities applies to the use of the water for stock and domestic purposes as well as for irrigating. The paragraph does not give subsequent rights priority over the Ham, Yearsley & Ryrie rights. They are to follow the order named in the schedule."

In the decree in that case, upon which the holding was based, there was the language "as set forth in the above and foregoing schedule." In the present case, there is no such language in the decree which we are considering.

Our attention has been called to *Benton v. Johncox,* 17 Wash. 277, 49 Pac. 495, 61 Am. St. 912, 3 L. R. A. 107, which was an adjudication many years ago of water rights upon Ahtanum creek. If there is anything in that case out of harmony with *In re Ahtanum Creek,* 139 Wash. 84, 245 Pac. 758, the matter should have been presented when the latter case was under consideration. As above pointed out, all the parties involved in the present action were parties to the decree in *In re Ahtanum Creek,* 139 Wash. 84, 245 Pac. 758, and therefore they are bound by that decree.

What the situation would be, and how the water should be disposed of, if, at any time, there should not be enough water to supply all the lands described in the decree for stock and domestic use, is a question which is not now before us, and we express no opinion thereon. The evidence shows that there has been at all times sufficient water in Ahtanum creek and its tributaries to furnish all parties sufficient water for stock and domestic use.

The department administering the decree and the superior court correctly construed it. The judgment will be affirmed.

MILLARD, FULLERTON, HOLCOMB, and PARKER, JJ., concur.